IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| PABLO MADRIGAL RIVERA, § § § *Petitioner*, § § v. § § ALEXANDER SANCHEZ, Warden, IAH Polk § Secure Adult Detention Facility; BRET § BRADFORD, Field Office Director of § Immigration and Customs Enforcement, § Enforcement and Removal Operations Houston § Field Office; KRISTI NOEM, Secretary of the § U.S. Department Of Homeland Security; § PAMELA BONDI, Attorney General of the § United States; DEPARTMENT OF § HOMELAND SECURITY; and EXECUTIVE § OFFICE OF IMMIGRATION REVIEW, § § *Respondents*. § | CIVIL ACTION NO. 9:26-CV-00164 JUDGE MICHAEL J. TRUNCALE |

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Pablo Madrigal Rivera (Madrigal)'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Pablo Madrigal Rivera is a Mexican national who entered the United States illegally in 1998. [Dkt. 1 at ¶¶ 5, 18]. On April 26, 2025, United States Immigration and Customs Enforcement (ICE) detained Madrigal. *Id.* at ¶ 18.

On February 23, 2026, Madrigal brought a habeas corpus petition. [Dkt. 1]. He claims that his detention violates the Immigration and Naturalization Act (INA)[1] and the Fifth Amendment to the United States Constitution. *Id.*

### II. LEGAL STANDARD

---

[1] 8 U.S.C. § 1101 et seq.

1

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

#### A. INA

Madrigal first claims to be unlawfully detained under 8 U.S.C. § 1225(b)(2)(A), which provides for the mandatory detention of "applicants for admission" who are not deemed "clearly and beyond a doubt entitled to be admitted." *See* 8 U.S.C. § 1225(b)(2)(A). According to Madrigal, aliens who, like him, entered the United States without inspection years ago, are not "applicants for admission" under section 1225(b)(2)(A). [Dkt. 1 at ¶ 37]. Instead, Madrigal argues that 8 U.S.C. § 1226(a) applies to cases like his. Under section 1226(a), an alien "may be arrested and detained pending a decision on whether [he] is to be removed from the United States." 8 U.S.C. § 1226(a). The Attorney General has discretion to release or "continue to detain" aliens detained pursuant to section 1226(a). *See id.* § 1226(a)(1)–(2).

Even if Madrigal is correct, and section 1225(b) is inapplicable, section 1226(a) nonetheless permits his continued detention during removal proceedings. *See id.* Section 1226(a) provides that "an alien may be arrested and detained" pending removal proceedings. § 1226(a). The Attorney General "may continue to detain the alien" or decide to release the alien on custody-redetermination. § 1226(a)(1)–(2). Section 1226(a) mentions nothing about custody redeterminations by immigration judges. *See id.* Here, the Attorney General, using her discretion under section 1226(a), has chosen to detain Madrigal pending his removal proceedings. Hence, Madrigal is lawfully detained under the INA,

whether or not he receives a custody-redetermination hearing. *See id.*

The equation does not change merely because Madrigal was granted parole upon entering the United States. By Madrigal's own admission, his parole expired in February 2024, over a year before ICE took him into custody. [Dkt. 1 at ¶ 3]. Accordingly, Madrigal's grant of parole does not preclude him from being detained pending removal proceedings.

## 2. Due Process

Madrigal also argues that the Government violated procedural due process by failing to provide him with a bond hearing before an immigration judge. [Dkt. 1 at 20]. Even if Madrigal is correct, he still is not entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Madrigal's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1 at 20–21]. Madrigal's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Madrigal's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[2] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Madrigal's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the

---

[2] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Madrigal's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Madrigal's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Madrigal to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

## IV. CONCLUSION

It is therefore **ORDERED** that Madrigal's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 12th day of March, 2026.**

Michael J. Truncale
United States District Judge